REAUME v. KELTIE

1. APPEAL AND ERROR—NONJURY CASE—FINDINGS OF FACT—CREDI-
BILITY—PREPONDERANCE OF EVIDENCE.

A trial judge in a nonjury case may give such weight to the
testimony as in his opinion it is entitled to, and his findings
will not be reversed unless the evidence clearly preponderates
in the opposite direction.

2. NEGLIGENCE—AUTOMOBILES—EVIDENCE.

Evidence was adequate to justify a finding of negligence on
the part of defendant driver where defendant's vehicle ap-
proached from the opposite direction at a high rate of speed,
and, in an effort to stop, struck a snow bank on his right,
veered off that snowbank, crossed the highway, and struck
plaintiffs' stopped vehicle, and both plaintiff and the investi-
gating officer testified there was room for the two vehicles
to have passed each other in safety.

Appeal from Ottawa, Raymond L. Smith, J. Sub-
mitted Division 3 February 5, 1970, at Grand Rapids.
(Docket No. 7,101.)  Decided March 30, 1970.

Complaint by Albert Reaume and Ernest Grab-
man, John F. Grabman, Ernest F. Grabman, and
the Travelers Insurance Company against James
Keltie and William David Keltie for injuries result-
ing from an automobile collision.  Judgment for
plaintiffs.  Defendants appeal.  Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  5 Am Jur 2d, Appeal and Error § 880.

*Scholten & Fant (R. Neil Stanton,* of counsel), for plaintiffs.

*James W. Bussard,* for defendants.

Before: Holbrook, P. J., and Danhof and Rood,* JJ.

Per Curiam. This an an automobile negligence case, arising out of a collision that took place on January 13, 1964, in Grand Haven, Michigan. Plaintiff, driver of a 1961 Ford pickup owned by E. Grabman & Sons, and insured by The Travelers Insurance Company, was traveling in a westerly direction on Lake Avenue, and William David Keltie, defendant, was driving his father's Ford station wagon, on the same street in an easterly direction. The highway was narrow because of snow having been piled on each side, and there was some snow and ice on the pavement.

Plaintiffs' complaint contained several allegations of defendant's claimed negligence causing the collision, *viz.:* (1) driving at a careless and imprudent rate of speed, greater than was reasonable or proper for the surface, width and condition of the street; (2) driving at such a rate of speed and in such a manner so as to prevent him from bringing his vehicle to a stop within the assured clear distance ahead; (3) failing to drive his vehicle on the right side of the highway; (4) failing to give plaintiff's vehicle one-half of the main travelled portion of the highway when meeting plaintiff's vehicle approaching from the opposite direction; (5) violating the common-law rules of the road.

The defendants denied that defendant driver was guilty of any of the claimed acts of negligence and

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

pleaded the affirmative defense of contributory negligence of the plaintiff driver.

Plaintiff driver testified that he observed defendants' vehicle approaching from the opposite direction at a high rate of speed, and that thereupon plaintiff proceeded to slow down and stop. Defendant, in an effort to stop, struck the snowbank on his right, veered off from the snowbank and proceeded across the highway striking plaintiffs' stopped vehicle and pushed it back about four feet. Plaintiff driver further testified that at the time of impact his vehicle was stopped on its own right side of the highway and that there was room for defendant to have passed safely if his vehicle had been under proper control. The officer who investigated the accident testified that there was room for the two vehicles to have passed each other in safety.

The defendant driver testified that his vehicle was stopped at the time of the collision and that although his vehicle may have been partially over the center line, plaintiffs' vehicle was likewise partially over the center line, and struck defendants' vehicle. He further testified that there was not enough room for the two vehicles to have passed. Two passengers in the defendants' vehicle testified and corroborated defendant driver's testimony as to how the collision occurred. It was brought out upon cross-examination that both of these witnesses' testimony was inconsistent with prior statements given by them. The trial judge stated in his opinion, "The court was not impressed by the testimony of the two passengers in the defendant vehicle. Their testimony was inconsistent with prior statements."

The trial court, sitting without a jury, found in favor of the plaintiffs in a total amount of $3,362.34.

Defendants have appealed and raise the single issue:

Did the plaintiffs prove their claims by a preponderance of the evidence?

There were two versions of how the collision took place. The trial judge believed the plaintiff driver's version. A trial judge in a nonjury case may give such weight to the testimony as in his opinion it is entitled to, and his findings will not be reversed unless the evidence clearly preponderates in the opposite direction. *Eckerle* v. *Twenty Grand Corporation* (1967), 8 Mich App 1.

There was adequate evidence if believed by the trier of the facts to justify the findings of negligence on the part of defendant driver which proximately caused the collision and damages, and of no contributory negligence on the part of the plaintiff driver.

Affirmed. Costs to plaintiffs.